**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| JOSE ANTONIO MAZARIEGOS,<br><br>                    Petitioners,<br><br>        v.<br><br>FERETI SEMAIA, et al.,<br><br>                    Respondents. | Case No. EDCV 26-4095-AS<br><br>**ORDER GRANTING UNOPPOSED PETITION** |

On July 22, 2026, Petitioner Jose Antonio Mazariegos (A# 208-533-990) ("Petitioner"), an immigration detainee who is in the custody of United States Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California, and is represented by counsel, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), with a supporting declaration of counsel ("Nafarrate Decl.") and exhibits. (Dkt. No. 1). The Petition seeks Petitioner's immediate release on the ground that his detention since January 11, 2026, violates his rights under the Due Process Clause of the Fifth Amendment. (Petition at 6-28). On July 29, 2026, Respondents filed an Answer

which states that they "are not presenting an opposition argument at this time." (Dkt. No. 7).

For the reasons set forth below, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner from immigration detention immediately.[1]

### BACKGROUND[2]

Petitioner is a citizen of Guatemala who entered the United States without inspection in 1999. (Petition ¶¶ 2, 13; Nafarrate Decl. ¶ 7). After being the victim of a shooting in 2013, he began in 2015 the process to apply for a U-Visa. (Petition ¶ 2). That petition was granted, and in November 2021 he was admitted to the United States on a nonimmigration U-Visa with authorization to remain in the country until November 14, 2025. (Petition ¶ 2; Nafarrate Decl. ¶ 7, Ex. B at 1).

Since entering the United States, Petitioner has built a life in California and has worked hard to provide for himself and his family. (Petition ¶ 16). He has strong community ties in the area of Thousand Oaks, California, where he has lived and worked since 2015. (Nafarrate Decl. ¶ 6). His only criminal convictions are two misdemeanors in November 2024 for drinking in public, in violation

---

[1] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 2-5).

[2] The facts set forth here are based on the allegations in the Petition, which Respondents have not disputed.

of a city ordinance. (Nafarrate Decl. ¶ 6, Ex. A). Additionally, he has suffered from medical complications related to his pancreatitis, as well as inflammation with possible clotting in his leg as a result of a gunshot wound from the 2013 shooting incident. (Nafarrate Decl. ¶¶ 5, 7).

On January 11, 2026, Petitioner was arrested by ICE in Newbury Park, California. (Nafarrate Decl. ¶ 8). He was served with a Notice to Appear charging him as removable under section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B),[3] and was transported to the Adelanto ICE Processing Center, where he has been detained since, without receiving a bond hearing. (Petition ¶ 8; Nafarrate Decl. ¶ 4, Ex. B).

On February 18, 2026, an immigration judge ordered him removed, but he appealed that order to the Board of Immigration Appeals ("BIA") on March 20, 2026, and it remains pending. (Petition ¶ 14; Nafarrate Decl. ¶¶ 9-10, Ex. C). He also filed a request with the United States Citizenship and Immigration Services ("USCIS") on June 18, 2026, to renew his U-Visa. (Nafarrate Decl. ¶¶ 9-10, Ex. D).

---

[3] "Any alien who is present in the United States in violation of this chapter or any other law of the United States, or whose nonimmigrant visa . . . has been revoked under [8 U.S.C. § 1201(i)], is deportable." 8 U.S.C. § 1227(a)(1)(B).

**DISCUSSION**

As indicated above, Petitioner seeks release on the ground that his detention since January 11, 2026, without a bond hearing violates due process. (See Petition at 6-28). Petitioner has a substantial due process interest in being released, given that he has resided in the United States for over twenty-five years, has strong community ties, and works to support his family. See Zadvydas v. Davis, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner had substantial private interest "in remaining in her home, continuing her employment, providing for her family, obtaining necessary medical care, maintaining her relationships in the community, and continuing to attend her church"). In contrast, Respondents have identified no significant government interest in continuing to detain Petitioner while his removal proceedings remain pending before the BIA. As noted above, he has no serious criminal history and is a prior U-Visa recipient with a renewal application before USCIS. He poses no apparent danger to the community or flight risk. In light of these circumstances and Respondents' non-opposition (see Answer at 1), Petitioner merits immediate release from detention.

4

**ORDER**

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Jose Antonio Mazariegos (A# 208-533-990) from immigration detention immediately. Respondents also shall file a "Notice of Release" within three days of the date of this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 31, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE